IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MADELINE MARTIN,

    Plaintiff,

v.

WELLS FARGO BANK NA,

    Defendant.

                                 /

No. C 12-06030 SI

**ORDER ON MOTION TO COMPEL**

Currently before the Court is plaintiff's motion to compel. Docket No. 36. Plaintiff seeks "arbitration-related" discovery from Wells Fargo in order to oppose and otherwise respond to Wells Fargo's Motion to Compel Arbitration (Docket No. 30). Plaintiff served Wells Fargo with thirteen requests for production, seven interrogatories, and two deposition requests. The discovery sought by plaintiff is relevant to two topics: (1) contract formation, *i.e.,* whether Wells Fargo and plaintiff agreed to an arbitration agreement; and (2) unconscionability, *i.e.*, whether the arbitration agreement prevents plaintiff and others similar situated from vindicating statutory rights. Wells Fargo agreed to respond to three RFPs (Nos. 3, 4 and 6), respond to one RFP but limited to documents regarding plaintiff (No. 5), and to produce two deponents – employees who submitted declarations in support of its Motion to Compel Arbitration.[1]

With respect to the requests regarding discovery into contract formation, the Court finds that plaintiff is entitled to some discovery on this topic. In support of its motion to compel arbitration, Wells Fargo submitted declarations from Wells Fargo employees explaining why Wells Fargo believes plaintiff received an arbitration agreement, based not on first hand knowledge but on the policies and

---

[1] Plaintiff also moves to compel discovery regarding plaintiff's standing, specifically Interrogatories numbers 1-3 regarding Wells Fargo's position that plaintiff was not contacted on her cell phone. *See* Docket No. 36 at 3. Defendant objects that these requests go beyond the arbitration issue and into merits-based discovery that is premature. *Id*., at 5. The Court agrees and DENIES the motion as to Interrogatories Nos. 1-3.

practices Wells Fargo uses to notify customers with Personal Accounts like plaintiff's of account changes. *See* Docket Nos., 31-32. Plaintiff disputes Wells Fargo's position and claims she did not receive notice of and/or agree to an arbitration agreement. As such, plaintiff is entitled to limited discovery in this area.[2] However, plaintiff's discovery requests – as currently written – are overbroad because they are not limited to policies and practices for Personal Accounts (the type of account plaintiff had). Therefore, plaintiff's motion to compel responses to RFP Nos. 1, 2, 5 and 8 is GRANTED but limited to Personal Accounts. The Court DENIES without prejudice plaintiff's request to compel responses to RFP Nos. 9 and 11. Plaintiff argues these requests are relevant to Wells Fargo's intent and interpretation of the arbitration clause, but plaintiff does not identify what words in the alleged arbitration agreement she intends to dispute as ambiguous or otherwise show any direct relevance of the burdensome discovery she seeks to specific challenges she intends to raise in opposition.

With respect to the requests regarding discovery on unconscionability, Interrogatories Nos. 4-6 seek information regarding prior arbitrations and non-arbitration proceedings (number, who initiated, outcome) between Wells Fargo and its customers.[3] Wells Fargo argues that plaintiff's motion should be denied because the discovery sought is overbroad and irrelevant to the Court's determination of unconscionability. As to relevance, the Court finds that evidence regarding the outcomes of arbitration, as well as other matters, can be relevant to the issue of unconscionability. *See In re Carrier IQ, Inc.*, 2013 U.S. Dist. LEXIS 47144, *20 (N.D. Cal. Apr. 1, 2013 EMC) ("As a general matter, evidence related to the rules used in arbitration, the costs of arbitration, and the outcomes of arbitration is relevant to the issue of unconscionability."); *see also id.*, at *20 (Court required parties to meet and confer on scope of unconscionability discovery); *O'Brien v. Am. Express Co.*, 2012 U.S. Dist. LEXIS 64553, *15-20 (S.D. Cal. May 8, 2012) (allowing discovery of the number and outcome of TCPA arbitrations, but

---

[2] The cases relied on by defendants are inapposite as none of them address the issue here, discovery into contract formation. *See* Docket No. 36 at 3-5.

[3] At least two Requests for Production – Nos. 7 and 10 – appear to seek documents that might support an unconscionability argument. However, plaintiff does not mention these requests in her motion to compel. The Court, therefore, will not address them. Requests for Production Nos. 12-13 are mentioned in plaintiff's motion and seek production of documents relied on by Wells Fargo in responding to the interrogatories.

2

denying discovery of the number and outcome of cases brought in court regarding the TCPA).[4] However, the interrogatories are overbroad because they seek information regarding both arbitration and non-arbitration proceedings over an unspecified period of time and under unspecified agreements to arbitrate. Plaintiff has not justified the breadth of the discovery she seeks. Therefore, the Court will limit the requests to the identification of the number and outcome of arbitration proceedings initiated by or against Wells Fargo during the relevant class period under the arbitration agreement at issue, as well as production of the documents relied on by Wells Fargo in drafting its responses.

For the foregoing reasons, the Court ORDERS as follows:

(1)  Wells Fargo shall respond to the requests it agreed to; RFP Nos. 3, 4, and 6.

(2)  Wells Fargo shall respond to RFPs Nos. 1, 2, 5 and 8, limited to Personal Accounts.

(3)  Wells Fargo shall respond to Interrogatories Nos. 4 and 6 and RFPs 12-13 as limited above.

(4)  The Motion to Compel is DENIED as to RFPs Nos. 9 and 11, and DENIED as to Interrogatories 1-3, 5 and 7.

(5)  The parties shall meet and confer to determine a reasonable deadline for the responses required by the Court as well as the agreed-to depositions of two Wells Fargo employees. The parties may submit, if necessary, a stipulation regarding the hearing and a revised briefing schedule on defendant's motion to compel arbitration.

**IT IS SO ORDERED.**

Dated: May 17, 2013

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

---

[4] The cases relied on by defendant to oppose unconscionability discovery are inapposite. In those cases, the courts addressed requests for discovery that were overbroad and largely irrelevant to the unconscionability issue *after* having rejected plaintiffs' arguments on unconscionability on the merits. *See, e.g., Meyer v. T-Mobile USA Inc.*, 836 F. Supp. 2d 994, 1007 (N.D. Cal. 2011 CRB) (denying overbroad discovery); *Hodsdon v. DirecTV, LLC*, 2012 U.S. Dist. LEXIS 160638 (N.D. Cal. Nov. 7, 2012 JSW) (denying overbroad discovery requests, noting that plaintiff "failed to request any discovery that would actually aid the Court in making an unconscionability determination.").

3