United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADELINE MARTIN, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>   v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | Case No. CV 12-06030 SI<br><br>**ORDER RE: MOTIONS TO SEAL** |

On March 7, 2013, defendant filed a Motion to Compel Arbitration. Docket No. 30. On August 16, 2013, plaintiff filed an Opposition to defendant's Motion to Compel Arbitration and an Administrative Motion to File Under Seal. Docket Nos. 53-54. Currently before the Court is plaintiff's Administrative Motion to File Under Seal the following documents: (1) plaintiff's evidentiary objections to declarations of Marcus O'Sullivan and Joan Larsen submitted in support of defendant's Motion to Compel Arbitration ("Objections") and (2) Exhibits A, B, and D to the declaration of Nicole D. Reynolds submitted in opposition to defendant's Motion to Compel Arbitration ("Reynolds Declaration").

On September 4, 2013, the defendant filed a Reply Brief in support of its motion to compel arbitration ("Reply Brief") and the declaration of counsel Eric J. Troutman in support of the Motion to Compel Arbitration ("Troutman Reply Declaration"). Docket Nos. 57-58. On September 4, 2013, the parties jointly filed a Stipulation to File Confidential Exhibits and Materials Under Seal ("Stipulation to File Under Seal"). Docket No. 56. Also currently before the Court is the parties' Stipulation to File

Under Seal the following documents: (1) two exhibits to the Larsen Deposition[1] and (2) certain material within the Reply Brief and the Troutman Reply Declaration that make reference to those portions of the Larsen Deposition.

**BACKGROUND**

In response to plaintiff's August 16, 2013 Administrative Motion to File Under Seal, on August 23, 2013, defendant filed the Declaration of Kalama M. Lui-Kwan ("Lui-Kwan Declaration") designating the Objections and Reynolds Declaration Exhibits A, B, and D confidential.[2] *See* Docket No. 55 ¶¶ 3-6. Defendant proposed maintaining under seal identified portions of Exhibit A and B as well as identified portions of the Objections because they contain "private, non-public information about Wells Fargo's employees." *Id.* ¶¶ 8, 10 & 13. Defendant proposed maintaining identified portions of Exhibits A, B, and D as well as identified portions of the Objections under seal because they contain "private non public information about Wells Fargo's internal processes and customer accounts that could benefit competitor banks at Wells Fargo's expense." *Id.* ¶¶ 7, 9, 11-12.

On September 9, 2013, defendant filed a second Declaration of Eric J. Troutman, this time in support of the joint Stipulation to File Under Seal ("Troutman Stipulation Declaration") designating Troutman Reply Exhibits A and B and portions of the Reply Brief as confidential by Wells Fargo.[3] *See* Docket No. 56-2 ¶¶ 2-3. Defendant proposed maintaining under seal Troutman Reply Exhibits A and B and the identified portions of the Reply Brief because they contain "private, nonpublic information about Wells Fargo's internal processes and customer accounts that could benefit competitor banks at

---

[1] Batestamped as 0001330 and 0001336. Stipulation ¶ 2. These exhibits also happen to be Exhibits A and B of the Declaration of Eric J. Troutman in Support of the Stipulation to File Under Seal. For simplicity's sake the Court will refer to the exhibits as Troutman Reply Declaration Exhibits A and B.

[2] Pursuant to Civil Local Rule 7-5(d), within 7 days the party designating the document as confidential must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality.

[3] All were designated "Confidential" by Wells Fargo under the Stipulated Protective Order granted by this court on June 19, 2013. Docket No. 44.

United States District Court
For the Northern District of California

Wells Fargo's expense, and also contain personal information regarding plaintiff's financial information that should remain sealed." *Id.* ¶ *2-3.*

## LEGAL STANDARD

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). When a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Kamakana*, 447 F.3d at 1179-80; *see also* Fed. R. Civ. P. 26(c). All requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access. Civil Local Rule 79-5(a).

## DISCUSSION

To determine which standard applies to plaintiff's Administrative Motion to File Under Seal (Docket No. 54) and the parties' Stipulation to File Under Seal (Docket No. 56), the Court must first determine whether the underlying motion to compel arbitration is a dispositive or non-dispositive motion. The Ninth Circuit has not provided guidance on distinguishing dispositive from non-dispositive motions, in the sealing context. *In re Nat'l Sec. Agency Telecommunications Records Litig.*, 2007 WL 549854 (N.D. Cal. Feb. 20, 2007) (noting a "lack of explicit guidance on this issue"). Absent specific guidance "the court looks to the underlying rationale for distinguishing between dispositive and non-dispositive motions." *Id.*

3

Even so, district courts differ on whether a motion to compel arbitration is a dispositive or non-dispositive motion for sealing purposes. *Compare Leal v. Chapman Chevrolet*, L.L.C., 2006 U.S. Dist. LEXIS 38586, at *3 (D. Ariz. June 9, 2006) (stating that "a motion to compel arbitration, even a stipulation to such, may be deemed a dispositive motion, as a motion to remand is"), *and Flannery v. Tri–State Div.*, 402 F. Supp. 2d 819, 821 (E.D. Mich. 2005) (finding a motion to compel arbitration dispositive because "the effect of the magistrate judge's order is to terminate the litigation in this Court and transfer the case to another forum for a determination of the merits")*, with Herko v. Metropolitan Life Ins. Co.*, 978 F. Supp. 141, 142 n.1 (W.D.N.Y. 1997) (concluding that a motion to compel arbitration is not a dispositive motion because "the FAA provides that there is no final exercise of Article III power until after arbitration is complete and the arbitrator's decision is either affirmed, modified, or vacated by the district court judge where the actions remain lodged"), *and Gonzalez v. GE Group Adm'rs, Inc*., 321 F. Supp. 2d 165, 166-67 (D. Mass. 2004) (noting that orders to stay proceedings pending arbitration and to compel arbitration are non-dispositive orders).

The Court need not pause long on this disagreement because here the parties failed to make a showing under either the compelling reasons standard for dispositive motions or the lower good cause standard for non-dispositive motions. To make the lower showing of good cause, the moving party must make a "particularized showing" that "specific prejudice or harm" will result if the information is disclosed. *Kamakana*, 447 F.3d at 1180, 1186. "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Id.* at 1184. Neither do "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citations omitted).

The Lui-Kwan Declaration submitted in support of plaintiff's Administrative Motion to File Under Seal, while providing page and line numbers, asserts only two general justifications—competitive harm and privacy. This language amounts to general claims of competitive harm and privacy without any "particularized showing" that "specific prejudice or harm will result" with the disclosure of this referenced information. *Kamakana,* 447 F.3d at 1180, 1186. The Lui-Kwan declaration includes nothing about the measures Wells Fargo takes to maintain confidentiality and fails to describe the

4

1  competitive harm Wells Fargo would suffer from disclosure. This is insufficient to demonstrate good
2  cause to seal. Therefore, the Court DENIES plaintiff's Administrative Motion to File Under Seal
3  information relating to competitive harm and privacy.

4  Similarly, the Troutman Stipulation Declaration highlights portions of the documents both
5  parties request to seal, but again provides only two general justifications—competitive harm and
6  privacy. In the Troutman Stipulation Declaration, the exact language Wells Fargo uses to claim
7  competitive harm is identical to the Lui-Kwan Declaration language claiming competitive harm. Like
8  the Lui-Kwan declaration, the Troutman Stipulation Declaration includes nothing about the measures
9  Wells Fargo takes to maintain confidentiality and fails to describe the competitive harm Wells Fargo
10 would suffer from disclosure. This again is insufficient to demonstrate good cause. Therefore, the
11 Court DENIES the joint Stipulation to File Under Seal information relating to competitive harm.

12 Additionally, the Troutman Stipulation Declaration requests "personal information regarding
13 plaintiff's financial information should remain sealed," providing only a general justification of privacy.
14 The plaintiff's full bank account number is referenced in full in the following portions:

15  a.   Reply Brief Page 8:13-16
16  b.   Reply Brief Page 8:23-25
17  c.   Troutman Declaration Exhibit A

18 The parties' justification language amounts to a general claim of privacy that lacks specificity to any
19 potential harm or citation to legal authority or the Federal Rules of Civil Procedure. Although the parties
20 have not provided legal support or citation the Court GRANTS the joint Stipulation to File Under Seal
21 the references to plaintiff's full bank account number pursuant to Federal Rule of Civil Procedure 5.2
22 requiring that a party or nonparty making the filing may include only the last four digits of the financial-
23 account number and provide no specific mention of the full bank account number

24 This resolves Docket Nos. 54 and 56.

25 **IT IS SO ORDERED.**

26
27 Dated: September 30, 2013

_____
SUSAN ILLSTON
United States District Judge

28

5